ALEJANDRA ACOSTA
15353 WOODRUFF PL., APT 50
BELLFLOWER, CA. 90706
562-278-7745
NO FAX
NO EMAIL

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

PAMA IV PROPERTIES, LP

    Plaintiff,

vs.

ROGELIO ACOSTA, ALEJANDRA ACOSTA DOES 1 TO 10

    Defendant

Case No. CV-18-00420 JFW (JPRx)

**NOTICE OF REMOVAL UNDER 28 U.S.C. 1332, 1391, 1441 (a) and 1446**

**SUPERIOR COURT OF CALIFORNIA CASE# 17NWUD01449**

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND ITS ATTORNEYS OF RECORD.

Pursuant to 28 U.S.C. 1332, 1391, 1441 (a) and 1446, the Defendant, Alejandra Acosta, Pro Se, files this Notice of Removal of this case from the Superior Court of California, County of Los Angeles, to the United States District Court for the District of California. In support of this Notice of Removal, Defendant states as follows:

## CASE BACKGROUND AND FOUNDATION FOR REMOVAL

1. On or about December 13th, 2017, Plaintiff commenced an action in the Superior Court of California, in Los Angeles County against the Defendant/Cross Plaintiff. Defendant/Cross Plaintiff currently has a pending Complaint filed against the Plaintiff for Various Violations of the California Civil Code, Declaratory Relief, and/or Intentional Misrepresentation and other causes of action against the Plaintiff of this case.

2. Defendant/Counter Plaintiff's presently seek judgment against Plaintiff for injuries that Defendant/Counter Plaintiffs allegedly suffered as a result of various violations under the Fair Debt Collection Practices Act. Defendant/Counter Plaintiffs' claims against Plaintiff are based on Plaintiff's alleged misrepresentation of the amount of debt due, and their own fraudulent actions.

3. True and correct copies of the Summons, Complaint and other pleadings or orders are Attached as Exhibit "A" and incorporated by reference.

4. This Court has original jurisdiction over the matter pursuant to 28 U.S.C. 1331. Further, this matter is one that may be removed to this Court pursuant to 28 U.S.C. 1441 because it is a civil action based upon the Federal Debt Collection Practices Act.

5. Venue is proper in this Court because the State Court Action is pending in the Superior Court of California, Los Angeles County. See 28 U.S.C. 1441 (a).

## AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

6. Plaintiffs do not quantify the amount of damages they seek to recover in this case. See complaint, Prayers for Relief. From the face of the Complaint, however, it is apparent that the amount in controversy more likely that not exceeds $75,000.00, exclusive of interest and costs.

7. "The amount in controversy is ordinarily determined by the allegations of the Complaint, or, where they are not dispositive, by the allegations in the Notice of Removal". See *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), cert denied, 516 U.S. 863 (1995).

8. When the plaintiff's damages are unquantified in the Complaint, the amount in Controversy can be established by allegations in the Removal Notice by reference to allegations on the face of the Complaint. *Cv. Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir 2001). More specifically, the amount in controversy requirement can be satisfied by showing that it is facially apparent from the Complaint that the claims more likely that not exceed $75,000.00. See *Allen v. R&H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); Accord *Singer v. State Farm Mutual Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); See also *Gilmer v. The Walt Disney Co., ET all.*, 915 F. Supp. 1001, 1007 (W.D. Ark 1996).

9. Here, the amount in controversy more like that not exceeds $75,000.00 based on Plaintiff's claims, their alleged injuries and the recovery sought.

10. Defendant/Counter Plaintiff denies the allegations in the Complaint. Taking those allegations on their face as true, however, as this Court must do for the purpose of determining the propriety of removal, it is clear that Plaintiff's claims, as evidenced by the documents attached hereto as Exhibit "A" demonstrate an amount in controversy in excess of $75,000.00

11. Given the complete diversity of the real parties and an amount in the controversy in excess of $75,000.00, this Court has jurisdiction over the causes of action and claims asserted in the State Court Action pursuant to 28 U.S.C. 1332, and this action properly is removable pursuant to 28 U.S.C. 1441.

12. Diversity jurisdiction further exists in this case based on the following:
    A. The Plaintiff, PAMA IV Properties, LP, cannot state a claim for return of, damages to or diminution in volume of assets it does not own, or can prove ownership.

B. Based on its lack of ownership of the subject property, the Plaintiff, PAMA IV Properties, LP, has no standing to bring the claims set forth in their Complaint or Motion.

C. Due to the fact that PAMA IV Properties, LP, cannot state a claim upon which relief may be granted, the only proper parties to this action are the Defendant/Cross Plaintiff.

13. If the party with no standing is disregarded, this Court has original jurisdiction over the action pursuant to 28 U.S.C. 1332, and this case may be removed to this Court pursuant to U.S.C. 1441 (a).

## OTHER ISSUES

14. This Notice of Removal is timely filed. See 28 U.S.C. 1446(b).

15. This Notice of Removal has been served on Plaintiff's counsel. A Notice of Filing of Notice of Removal to Federal Court (attached as Exhibit "A") will be filed in the Superior Court of California, County of Los Angeles as soon as this Notice of Removal has been filed in this Court.

16. A Copy of the complete record maintained by the Clerk of the Superior Court, County of Los Angeles, California is attached to this Notice of Removal as Exhibit "A".

## CONCLUSION

Because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. 1332. Defendants are therefore entitled to remove this case to this Court pursuant to 28 U.S.C. 1441.

Wherefore, Defendant requests that the action now pending before the Superior Court of California, County of Los Angeles, California, Civil Action No. 17NWUD01449, be removed to this Court

Dated:   01/16/2018

_____

ALEJANDRA ACOSTA, IN PRO PER

**CERTIFICATE OF SERVICE BY MAIL**

COMPLAINT REMOVING TO FEDERAL COURT- 5

The undersigned hereby certifies that on 01/16/2018, he served a copy of

**NOTICE OF REMOVAL**

By placing said copy in an envelope addressed to the person(s) hereinafter named, at the places and address shown below, which are the last known addresses, and mailing said envelope and contents in the U.S. Mail in Long Beach, California

> Law Offices of H.G. LONG Bar No. 127735
> 474 W. Orange Show Road
> San Bernardino, CA. 92408

*/s/ Juan Perez*
Juan Perez

# EXHIBIT "A"

UD-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>H G LONG BAR NO. 127735<br>HG LONG & ASSOCIATES<br>474 W Orange Show Rd<br>San Bernardino, CA 92408<br>TELEPHONE NO.: (909) 889-5151   FAX NO. *(Optional)*: (909) 889-3900<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: PLAINTIFF | FOR COURT USE ONLY<br><br>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>DEC 13 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: _____ Deputy |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>STREET ADDRESS: 12720 NORWALK BLVD ROOM 101<br>MAILING ADDRESS: 12720 NORWALK BLVD ROOM 101<br>CITY AND ZIP CODE: NORWALK 90650<br>BRANCH NAME: NORWALK COURTHOUSE | |
| PLAINTIFF: PAMA IV PROPERTIES, LP<br><br>DEFENDANT: ROGELIO ACOSTA ; ALEJANDRA ACOSTA<br><br>☒ DOES 1 TO 10 | |
| COMPLAINT — UNLAWFUL DETAINER*<br>☒ COMPLAINT   ☐ AMENDED COMPLAINT *(Amendment Number)*: | CASE NUMBER:<br>17NWUD01449 |

Jurisdiction *(check all that apply)*:
☒ ACTION IS A LIMITED CIVIL CASE
   Amount demanded   ☒ does not exceed $10,000
                     ☐ exceeds $10,000 but does not exceed $25,000
☐ ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint *(check all that apply)*:
   ☐ from unlawful detainer to general unlimited civil (possession not in issue)   ☐ from limited to unlimited
   ☐ from unlawful detainer to general limited civil (possession not in issue)     ☐ from unlimited to limited

1. PLAINTIFF *(name each)*: PAMA IV PROPERTIES, LP

   alleges causes of action against DEFENDANT *(name each)*: ROGELIO ACOSTA ; ALEJANDRA ACOSTA

2. a. Plaintiff is  (1) ☐ an individual over the age of 18 years.   (4) ☒ a partnership.
                    (2) ☐ a public agency                            (5) ☐ a corporation.
                    (3) ☐ other *(specify)*:
   b. ☒ Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify)*:

3. Defendant named above is in possession of the premises located at *(street address, apt. no., city, zip code, and county)*:
   15353 WOODRUPF PL APT 50, BELLFLOWER, CA 90706, LOS ANGELES COUNTY

4. Plaintiff's interest in the premises is   ☒ as owner   ☐ other *(specify)*:

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

6. a. On or about *(date)*: 07/19/2014  defendant *(name each)*: ROGELIO ACOSTA ; ALEJANDRA ACOSTA

      (1) agreed to rent the premises as a   ☒ month-to-month tenancy   ☐ other tenancy *(specify)*:
      (2) agreed to pay rent of $ 1,150.00   payable   ☒ monthly   ☐ other *(specify frequency)*:
      (3) agreed to pay rent on the   ☒ first of the month   ☐ other day *(specify)*:
   b. This ☐ written   ☒ oral   agreement was made with
      (1) ☒ plaintiff.                    (3) ☐ plaintiff's predecessor in interest.
      (2) ☐ plaintiff's agent             (4) ☐ other *(specify)*:

---

* NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161 a).

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. July 1, 2005]

COMPLAINT—UNLAWFUL DETAINER

17-11-0513

Civil Code, § 1940 et seq.
Code of Civil Procedure §§ 425.12, 1166
www.courtinfo.ca.gov

| PLAINTIFF (Name): PAMA IV PROPERTIES, LP | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): ROGELIO ACOSTA | |

6. c. ☒ The defendants not named in item 6a are
    (1) ☐ subtenants.
    (2) ☐ assignees.
    (3) ☒ other (specify): Unknown Occupants
  d. ☒ The agreement was later changed as follows (specify): MONTHLY RENT WAS LATER ADJUSTED TO 1,375.00.

  e. ☐ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. (Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)

  f. ☐ (For residential property) A copy of the written agreement is not attached because (specify reason):
    (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.
    (2) ☐ this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. ☒ a. Defendant (name each): ROGELIO ACOSTA ; ALEJANDRA ACOSTA

was served the following notice on the same date and in the same manner:
  (1) ☒ 3-day notice to pay rent or quit      (4) ☐ 3-day notice to perform covenants or quit
  (2) ☐ 30-day notice to quit      (5) ☐ 3-day notice to quit
  (3) ☐ 60-day notice to quit      (6) ☐ Other (specify):

  b. (1) On (date): 11/06/2017 the period stated in the notice expired at the end of the day.
    (2) Defendants failed to comply with the requirements of the notice by that date.
  c. All facts stated in the notice are true.
  d. ☒ The notice included an election of forfeiture.
  e. ☒ A copy of the notice is attached and labeled Exhibit 2. (Required for residential property. See Code Civ. Proc., § 1166.)
  f. ☐ One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. (Check item 8c and attach a statement providing the information required by items 7a-e and 8 for each defendant.)

8. a. ☒ The notice in item 7a was served on the defendant named in item 7a as follows:
    (1) ☒ by personally handing a copy to defendant on (date): 11/02/2017
    (2) ☐ by leaving a copy with (name or description):
a person of suitable age and discretion, on (date):      at defendant's
☐ residence ☐ business AND mailing a copy to defendant at defendant's place of residence on (date): because defendant cannot be found at defendant's residence or usual place of business.
    (3) ☐ by posting a copy on the premises on (date):      ☐ AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on (date):
      (a) ☐ because defendant's residence and usual place of business cannot be ascertained OR
      (b) ☐ because no person of suitable age or discretion can be found there.
    (4) ☐ (Not for 3-day notice; see Civil Code, § 1946 before using) by sending a copy by certified or registered mail addressed to defendant on (date):
    (5) ☐ (Not for residential tenancies; see Civil Code, § 1953 before using) in the manner specified in a written commercial lease between the parties.
  b. ☐ (Name):
was served on behalf of all defendants who signed a joint written rental agreement.
  c. ☐ Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.
  d. ☒ Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

UD-100 [Rev July 1, 2005]      COMPLAINT—UNLAWFUL DETAINER      Page 2 of 3
17-11-0513      American LegalNet, Inc. www.USCourtForms.com

| PLAINTIFF (Name): PAMA IV PROPERTIES, LP | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): ROGELIO ACOSTA | |

9. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.
10. ☒ At the time the 3-day notice to pay rent or quit was served, the amount of rent due was $ 1,375.00
11. ☒ The fair rental value of the premises is $ 45.83 per day.
12. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 12.)*
13. ☐ A written agreement between the parties provides for attorney fees.
14. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

    Plaintiff has met all applicable requirements of the ordinances.

15. ☐ Other allegations are stated in Attachment 15.
16. Plaintiff accepts the jurisdictional limit, if any, of the court.
17. **PLAINTIFF REQUESTS**
    a. possession of the premises.
    b. costs incurred in this proceeding:
    c. ☒ past-due rent of $ 1,375.00
    d. ☐ reasonable attorney fees.
    e. ☒ forfeiture of the agreement.
    f. ☒ damages at the rate stated in item 11 from *(date:)* 12/01/2017 for each day that defendants remain in possession through entry of judgment.
    g. ☐ statutory damages up to $600 for the conduct alleged in item 12.
    h. ☐ other *(specify):*

18. ☒ Number of pages attached *(specify):* 2

**UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400-6415)**

19. *(Complete in all cases.)* An unlawful detainer assistant ☒ did not ☐ did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state:)*
    a. Assistant's Name:
    b. Street address, city, and zip code:
    c. Telephone No.:
    d. County of registration:
    e. Registration No.:
    c. Expires on *(date):*

Date: 11/28/2017

H G LONG
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

(TYPE OR PRINT NAME)                                    (SIGNATURE OF PLAINTIFF)

UD-100 [Rev. July 1, 2005]        COMPLAINT—UNLAWFUL DETAINER        Page 3 of 3
17-11-0513

American LegalNet, Inc.
www.USCourtForms.com

10